BUCHALTER
A Professional Corporation
BRANDON Q. TRAN (SBN: 223435)
18400 Von Karman Avenue, Suite 800
Irvine, California 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 720-0182
Email: btran@buchalter.com

Attorneys for Plaintiff Rang Dong Joint Stock Company
dba Rang Dong Winery

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| RANG DONG JOINT STOCK COMPANY dba RANG DONG WINERY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>J.F. HILLEBRAND USA, INC., a Delaware corporation; BLUE EAGLE CONSOLIDATION SERVICES, a German business entity; DOES 1 through 10;<br><br>Defendants. | Case No.<br><br>**PLAINTIFF RANG DONG JOINT STOCK COMPANY'S COMPLAINT FOR DAMAGE TO CARGO**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff Rang Dong Joint Stock Company dba Rang Dong Winery ("Rang Dong Winery") alleges upon information and belief as follows:

## JURISDICTION

1.  This is an action for damage to cargo carried by sea from the United States to Vietnam and thereby comes within the admiralty and maritime jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1333, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime and/or supplemental jurisdiction of the United States and of this Honorable Court.

-1-

2. This Court has jurisdiction over all non-maritime claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy under Article III of the United States Constitution.

### PARTIES AND VENUE

3. At all relevant times, Rang Dong Winery was and is a business entity organized and existing under the laws of the State of California with its principal place of business in Napa, California.

4. At all relevant times, Defendant J.F. Hillebrand USA, Inc. ("Hillebrand") is a corporation organized and existing under the laws of the State of Delaware and is authorized to transact business in the State of California. Hillebrand has a principal place of business located at 5325 Industrial Way, Benicia, California 94510.

5. At all relevant times, Defendant Blue Eagle Consolidation Services ("Blue Eagle") was and is a company organized and existing by virtue of the laws of a foreign country. Blue Eagle regularly did and does business and/or solicits business within this district on its own and/or through its agent Hillebrand.

6. Venue properly lies in this district because Hillebrand's principal place of business is located in this District, both Blue Eagle and Hillebrand (collectively, "Defendants") regularly do business within this District itself and/or through its agent, and the transaction at issue was entered into in this District.

### GENERAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

7. This is an action for damages caused to Rang Dong Winery's goods which was shipped from California to Vietnam. Rang Dong Winery asserts alternative claims under the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 Note.

8. At all relevant times, Rang Dong Winery was and is a business entity organized and existing under the laws of the State of California with its principal place of business in Napa, California.

9. On February 2, 2018, Rang Dong Winery contracted with Hillebrand to ship its cargo, consisting of three containers containing its wine (the "Cargo"), to Ho Chi Minh City,

-2-

Vietnam. Attached hereto as **Exhibit "A"** is Hillebrand's Invoice No. 5351801536 (the "Invoice") confirming the terms of that shipment. As indicated in the Invoice, the Port of Discharge was Ho Chi Minh City, Vietnam with a delivery date of March 14, 2018.

10. Given that the Port of Discharge was Ho Chi Minh City, the Cargo should have been delivered to Cat Lai Port. This is consistent with Hillebrand's representations to Rang Dong Winery and also consistent with the prior shipments Rang Dong Winery had made through Hillebrand.

11. Rang Dong Winery is informed and believes and on the basis of such information and belief alleges that on or about February 20, 2018, Defendants received the Cargo for carriage under bill of lading number BQEGUSS096536, issued by and/or on behalf of said Defendants (the "Bill of Lading"). A true and correct copy of the Bill of Lading is attached hereto as **Exhibit "B"**. It should be noted that the Bill of Lading provided to Rang Dong Winery was a two page document and did not have any terms or conditions limiting Defendants' liability.

12. Nevertheless, and without any prior notice to Rang Dong Winery, the destination for the Cargo was changed to Cai Mep Port. Thereafter, Rang Dong Winery was in constant contact with Hillebrand advising them that the Cargo must be delivered to Cat Lai Port so that customs could be cleared. Rang Dong Winery further warned that leaving the Cargo at Cai Mep Port too long would be destructive to the Cargo given the heat in Vietnam.

13. On March 22, 2018, Hillebrand indicated that it would "move the cargo to the correct terminal Cat Lai. We have received all amended docs this morning and informed my overseas office of the correction." Despite this representation, the Cargo was still not transported immediately. Instead, the Cargo sat at Cai Mep Port for an additional eight days until it was finally moved by barge to Cat Lai Port on March 30, 3018.

14. Once the Cargo was delivered Cat Lai Port, customs officials and Rang Dong Winery's agent opened the three containers and discovered that the Cargo was extensively damaged due to the delay and geographic deviation caused by Defendants.

## FIRST CAUSE OF ACTION

## FOR DAMAGES UNDER CARRIAGE OF GOODS BY SEA

(Against Defendants and DOES 1 through 10)

15. Rang Dong Winery repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. Defendants agreed, under contracts of carriage and in return for good and valuable consideration, to carry said Cargo from California to Ho Chi Minh City, Vietnam, and there deliver said Cargo to the lawful holder of the aforementioned Bill of Lading, and others, in the same good order, condition, and quantity as when received.

17. Thereafter, in breach of and in violation of said agreement, Defendants did not deliver said Cargo in the same good order, condition, and quality as when received in California. To the contrary, Defendants delivered the Cargo in a damaged condition which resulted in damages to Rang Dong Winery in excess of $500,000.00, which amount shall be proven at trial. Defendants have not repaid or compensated Rang Dong Winery for its damages, despite demand therefor.

## SECOND CAUSE OF ACTION

## FOR FALSE BILL OF LADING

(Against Defendants and DOES 1 through 10)

18. Rang Dong Winery repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

19. The Bill of Lading issued by Defendants for the shipment of the Cargo was "false," which caused the Cargo shipment to be delayed and/or the shipment being shipped to the wrong port and resulted in damages to the Cargo itself.

20. Because the Bill of Lading was "false", Defendants are deprived of any rights under the Carriage of Goods by Sea Act and is liable to Rang Dong Winery for the full amount of its damages, which are in excess of $500,000.00.  Defendants have not repaid or compensated Rang Dong Winery for its damages, despite demand therefor.

PLAINTIFF RANG DONG JOINT STOCK COMPANY'S COMPLAINT FOR DAMAGE TO CARGO

BN 35100093v1

## THIRD CAUSE OF ACTION

## FOR DEVIATION

(Against Defendants and DOES 1 through 10)

21. Rang Dong Winery repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

22. The carriage of the Cargo by Defendants to the wrong destination constituted a "geographic deviation", depriving Defendants of any right it may have had to rely on defenses under COGSA and rendering Defendants liable for the full amount of Rang Dong Winery's losses and damages, without limitation. Defendants have not repaid or compensated Rang Dong Winery for its damages, despite demand therefor.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

(Against Hillebrand and DOES 1 through 10)

23. Rang Dong Winery repeats and realleges each and every allegation contained in Paragraphs 1 through 14 of this Complaint as if fully set forth herein.

24. After issuing a false bill of lading for the Cargo and deviating the Cargo to the wrong destination, Hillebrand then utterly failed in its fiduciary obligation to Rang Dong Winery to exercise reasonable care to remedy the situation, and secure the prompt release and delivery of the Cargo to its proper destination. Instead, Hillebrand's breach of its fiduciary duties owed to Rang Dong Winery further exacerbated the situation by protracting the problem and delaying its ultimate resolution, all to the damage of Rang Dong Winery in an amount in excess of $500,000.00. Defendants have not repaid or compensated Rang Dong Winery for its damages, despite demand therefor.

PLAINTIFF RANG DONG JOINT STOCK COMPANY'S COMPLAINT FOR DAMAGE TO CARGO

BN 35100093v1

## PRAYER FOR RELIEF

WHEREFORE, Rang Dong Winery prays for the following:

1. That judgment be entered against Defendants in an amount to be determined at the time of trial;

2. That prejudgment and post-judgment interest be awarded to Rang Dong Winery in an amount allowed by law;

3. That attorney's fees and costs and expenses of suit be awarded to Rang Dong Winery as allowable by law and/or contract; and

4. That Rang Dong Winery be awarded such other and further relief as may be just and proper.

Dated:  December 12, 2018                         BUCHALTER, A Professional Corporation


By: /s/ *Brandon Q. Tran*
BRANDON Q. TRAN
Attorneys for Plaintiff Rang Dong Joint Stock
Company dba Rang Dong Winery

PLAINTIFF RANG DONG JOINT STOCK COMPANY'S COMPLAINT FOR DAMAGE TO CARGO
BN 35100093v1

## DEMAND FOR TRIAL BY JURY

Plaintiff Rang Dong Joint Stock Company dba Rang Dong Winery hereby demands a trial by jury in this matter as to all causes of action which are triable to a jury.

Dated: December 12, 2018      BUCHALTER, A Professional Corporation

By: /s/ Brandon Q. Tran
BRANDON Q. TRAN
Attorneys for Plaintiff Rang Dong Joint Stock Company dba Rang Dong Winery

**PLAINTIFF RANG DONG JOINT STOCK COMPANY'S COMPLAINT FOR DAMAGE TO CARGO**

BN 35100093v1