UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANG DONG JOINT STOCK COMPANY, | No. 2:18-cv-3195 KJM KJN |
| Plaintiff, | |
| v. | STATUS (PRETRIAL SCHEDULING) |
| J.F. HILLEBRAND USA, INC., et al., | ORDER |
| Defendants. | |

An initial scheduling conference was held in this case on April 19, 2019. Brandon Tran appeared for plaintiff; Andrew Stroud appeared for defendant.

Having reviewed the parties' Joint Status Report filed on April 4, 2019, and discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.    SERVICE OF PROCESS

Defendant Hillebrand has been served and has appeared in this action. Defendant Blue Eagle Consolidation Services is a German company and plaintiff has initiated service in compliance with the Hague Service Convention. Plaintiff shall update the court when service is complete.

1

II.       <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

Defendant Hillebrand may seek to join MOL Mitsui O.S.K. Lines, Ltd., as a third-party defendant; plaintiff anticipates amending the complaint to add claims.

Joinder of parties or amendments to pleadings is not permitted without leave of court, good cause having been shown. *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

III.       <u>JURISDICTION/VENUE</u>

Jurisdiction is predicated upon 28 U.S.C. § 1333. Jurisdiction and venue are not disputed.

IV.       <u>DISCOVERY</u>

Initial disclosures as required by Federal Rule of Civil Procedure 26(a) shall be completed within **fourteen (14) days of the filing of defendant Hillebrand's answer, if the court denies the motion to dismiss**. All discovery shall be completed by **March 30, 2020**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court. While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below. In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, except that the magistrate judge may modify a discovery cutoff to the extent such modification does not have the effect of requiring a change to the balance of the schedule.

The parties anticipate needing discovery from parties located in Vietnam, which is not a party to the Hague Convention on the taking of evidence abroad in civil and commercial matters. Thus, to obtain evidence from parties in Vietnam, the parties will need to follow the letters rogatory process. Execution of letters rogatory may take a year or more. The parties may request further discovery conferences if the need should arise in the future.

# V.    DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **April 27, 2020**.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 25, 2020**, any party who previously disclosed expert witnesses may submit a rebuttal list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject.  The rebuttal designation shall be accompanied by a written report, which shall also comply with the conditions stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and

3

1  complete testimony at any deposition taken by the opposing party.  Experts will not be permitted

2  to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition

3  taken subsequent to designation.  All expert discovery shall be completed by **June 12, 2020.**

4  VI.     MOTION HEARING SCHEDULE

5          All dispositive motions, except motions for continuances, temporary restraining

6  orders or other emergency applications, shall be <u>heard no later than</u> **July 10, 2020.**[1]  The parties

7  may obtain available hearing dates by checking Judge Mueller's page on the court's website.

8          All purely legal issues are to be resolved by timely pretrial motions.  Local Rule

9  230 governs the calendaring and procedures of civil motions; the following provisions also apply:

10          (a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

11          (b)     When the last day for filing an opposition brief falls on a legal holiday, the

12  opposition brief shall be filed on the last court day immediately preceding the legal holiday.

13  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to

14  the motion and the court may dispose of the motion summarily.  *Brydges v. Lewis*, 18 F.3d 651,

15  652-53 (9th Cir. 1994).

16          The court values the importance of training young attorneys.  The parties are

17  encouraged to consider assigning oral argument to a young attorney.  If a written request for oral

18  argument is filed before a hearing, stating an attorney of four or fewer years out of law school

19  will argue the oral argument, then the court will ordinarily hold the hearing, although the court's

20  schedule and calendar may require the hearing to be reset.  Otherwise, the court may find it

21  appropriate in some actions to submit a motion without oral argument.

22          The court places a page limit of twenty (20) pages on all moving papers, twenty

23  (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases

24  must be made in writing at least fourteen (14) days prior to the filing of the motion.

25          Prior to filing a motion in a case in which the parties are represented by counsel,

26  counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the

27

28  [1]  Note that this date may not correspond to a law and motion calendar date.

4

1   contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate

2   the defendant's contentions as to deficiencies in the complaint and in many instances the party

3   considering a motion should agree to any amendment that would cure a curable defect.  Counsel

4   should discuss the issues sufficiently so that if a motion of any kind is filed, including for

5   summary judgment, the briefing is directed only to those substantive issues requiring resolution

6   by the court.  Counsel should resolve minor procedural or other non-substantive matters during

7   the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**

8   **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**

9   **confer efforts.**

10          The parties are cautioned that failure to raise a dispositive legal issue that could

11  have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off

12  date may constitute waiver of such issue.

13  VII.    SEALING

14          No document will be sealed, nor shall a redacted document be filed, without the

15  prior approval of the court.  If a document for which sealing or redaction is sought relates to the

16  record on a motion to be decided by Judge Mueller, the request to seal or redact should be

17  directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be

18  governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the

19  discovery phase of litigation shall not govern the filing of sealed or redacted documents on the

20  public docket.  The court will only consider requests to seal or redact filed by the proponent of

21  sealing or redaction.  If a party plans to make a filing that includes material an opposing party has

22  identified as confidential and potentially subject to sealing, the filing party shall provide the

23  opposing party with sufficient notice in advance of filing to allow for the seeking of an order of

24  sealing or redaction from the court.

25  VIII.   FURTHER SCHEDULING

26          The court will set a Final Pretrial Conference date after the resolution of any

27  dispositive motions, or passage of the dispositive motion cutoff, with a trial date being

28  determined at the pretrial conference.  The parties should be prepared to confirm a trial date

1  within 60 to 120 days from the date of the final pretrial conference, and should be available for

2  trial accordingly.

3  IX.     SETTLEMENT CONFERENCE

4          The parties are amenable to a settlement conference convened by a member of the

5  court's Voluntary Dispute Resolution Panel (VDRP).  Within **four (4) months** after service of

6  defendant Blue Eagle Consolidation Services, the parties shall contact the court's ADR

7  Coordinator, Sujean Park, for the convening of a VDRP session.  A principal with full settlement

8  authority for each party shall appear at the VDRP session.

9          In the event no VDRP panelist is available during the time frame set forth above,

10  the case will be referred to another judge of this court for settlement.

11          The parties are reminded to promptly notify the court if they settle this case prior

12  to the scheduled VDRP conference date.

13  X.     MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

14          The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

15  Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

16  upon a showing of good cause.  Agreement of the parties by stipulation alone does not constitute

17  good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does

18  not constitute good cause.

19          As noted, the assigned magistrate judge is authorized to modify only the discovery

20  dates shown above to the extent any such modification does not impact the balance of the

21  schedule of the case.

22  XI.     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

23          This Status Order will become final without further order of the court unless

24  objections are filed within fourteen (14) *calendar* days of service of this Order.

25          IT IS SO ORDERED.

26  DATED:  April 30, 2019.

27  _____
    UNITED STATES DISTRICT JUDGE

28

6